### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID ANTHONY COOMBS,  )<br>                    Plaintiff,  )<br>v.                           )     Case No. CIV-06-1136-C<br>                           )<br>SGT. McDANIELS and           )<br>OFFICER LANE,                )<br>                    Defendants.  ) | |

### REPORT AND RECOMMENDATION

Plaintiff, appearing *pro se*, has brought this civil rights action asserting claims for alleged violations of his constitutional rights against two officers at the Oklahoma County Detention Center. At the time this action commenced, Plaintiff was incarcerated at the Oklahoma County Detention Center. Plaintiff filed a motion for leave to proceed *in forma pauperis*, and on November 15, 2006, the Court granted Plaintiff *in forma pauperis* status and permitted him to proceed in this action without full prepayment of the filing fee. Nonetheless, in accordance with 28 U.S.C. § 1915(b), Plaintiff was ordered to make monthly payments of 20 percent of the preceding month's income credited to his prison account until he has paid the total filing fee of $350. To date, Plaintiff has made one partial payment of the filing fee in the amount of $26.50, and that payment was made on March 15, 2007.

On June 11, 2007, Defendants filed a Motion for Reconsideration of Pauper Status [Doc. ##28-29] stating that Plaintiff was no longer incarcerated in the Oklahoma County Detention Center and also providing evidence that on April 14, 2007, Plaintiff had been released to the custody of the United States Immigration and Customs Enforcement (ICE).

It cannot be determined from the record before the Court whether Plaintiff was thereafter released or remains in ICE custody. Plaintiff's Complaint indicates he is a citizen of Jamaica.

On June 12, 2007, the Court entered an order notifying Plaintiff of his opportunity to respond to Defendants' Motion for Reconsideration of Pauper Status. No response was filed by the July 2, 2007, deadline established by the Court. On August 1, 2007, the Court entered an Order reminding Plaintiff of his opportunity to respond to Defendants' Motion and further, the Court specifically directed Plaintiff to submit a supplemental motion for leave to proceed *in forma pauperis* updating all of the information provided by Plaintiff in his original motion for *in forma pauperis* status.[1] Plaintiff was also directed to file a notice of change of address.[2] The Court advised that if Plaintiff failed to timely comply with the Court's Order to provide the required updated information on his financial status or pay the filing fee, the action would be subject to dismissal without prejudice to refiling.

As of this date, Plaintiff has not filed a response to Defendants' Motion for Reconsideration of Pauper Status, he has not paid the remainder of the filing fee or filed a supplemental motion for leave to proceed *in forma pauperis* as ordered by the Court, nor has he requested an extension of time to do so. Further, Plaintiff has not supplied the Court with

---

[1] The Prison Litigation Reform Act's requirements, involving partial payments, continue to apply even after an inmate has been released. *See Gay v. Texas Department of Corrections State Jail Div.*, 117 F.3d 240, 242 (5th Cir. 1997); *In re Peter C. Smith*, 114 F.3d 1247, 1249 (D.C. Cir. 1997).

[2] Plaintiff's last address given to the Court is the Oklahoma County Detention Center. The Court's Local Civil Rules provide that if a *pro se* litigant's address changes, the litigant must notify the Court by filing a notice, and further the Local Civil Rules provide that papers sent by the Court will be deemed delivered if sent to the last known address given to the Court. LCvR5.5(a).

a notice of change of address. Under these circumstances, the Court should grant Defendants' Motion for Reconsideration of Pauper Status [Doc. #28], withdraw leave for Plaintiff to proceed *in forma pauperis* and dismiss this action without prejudice to refiling pursuant to LCvR 3.2, 3.3 and 3.4 and Rule 41(b) of the Federal Rules of Civil Procedure. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (". . . Rule [41(b)] has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (*citing Link v. Wabash*, 370 U.S. 626, 630-31 (1962)).

## NOTICE OF RIGHT TO OBJECT

The parties have a right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by September  24th , 2007. *See* LCvR72.1. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred by the District Judge in this matter.

ENTERED this  4th  day of September, 2007.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE

3